Cubia, per
Nott, J.
The questions which appear to arise out of this case are,
First. Whether a voluntary transfer, made by a person very much in debt at the time, of all or nearly all his personal estate is void against subsequent creditors'?
Second. Whether, if not void as to subsequent creditors, yet if set aside in favour of subsisting creditors, it shall be considered void in toto; so that subsequent creditors may have the benefit of it ?
Third. Whether a subsequent creditor will be barred, in consequence of having notice of the prior voluntary transfer ?
Fourth. Whether there are any particular circumstances attending this case which ought to defeat the claim of the .defendant JViswanger.
a voluntary settlement, by a person not in debt, b™a sub!;?cll,ent creditor, unless made future irT-with some stanceCofCUm" fraud-
But void if personm* debted, as to credftore.114
Hard-Sonf33 S °pi"
Before I enter into a consideration of the several ques-lions submitted to the Court, I would observe that I consider the whole case as settled by the decree of the former Court of Appeals ; and that decree will be obligatory on this Court, unless it shall appear to be so contrary to some established principle of law as to authorize a revision of it. I also put out of view the case of a voluntary settlement, where the donor is not in debt at the time. Such a settlement or transfer, I take it, cannot be impeached by a subsequent creditor, unless made with view of future indebtedness, or attended with some other . circumstance of fraud than what arises from its being voluntary. Russell v. Hammond, 1 Atk. Rep. 15. Stileman v. Ashdown, 2 Atk. Rep. 477. Brown v. Jones, 1 Atk. Rep. 190. Wheeler v. Caryl, Amb. 121. George v. Milbank, 9 Ves. 193. 3 Johns. Cha. Rep. 381.
It appears also to be as well settled, that a voluntary settlement made by a person indebted at the time is invalid. The bare circumstance of his being indebted at the time is usually received as evidence of fraud. Lord Hardwicke said, in the case of Lord Townshend v. Windham, 2 Ves. Sen. 10, that he took it, “ that a man actually ed, and conveying voluntarily, always meant to defraud creditors.” In the case of Russell v. Hammond, 1 Atk. Rep. 15, Lord Hardwicke says, he has hardly known a case, where the person conveying was indebted at the time, that the settlement was not deemed fraudulent. And in the case of Fitzer v. Fitzer, 2 Atk. 511, the same learned Judge asked the counsel, if there was an instance in that Court, where a conveyance from husband to wife, without any pecuniary consideration moving from the wife, had been held good against creditors. It appears therefore, that when a person indebted at the time makes a voluntary settlement, such settlement will be set aside, even in favour of subsequent creditors.
But it still remains a question, whether, in such case, *522 the indebtedness must approach insolvency; or be such as authorizes the inference that a fraud was intended; or whether a single debt or debts to a small amount, bear-'n§ no proportion to the amount of the estate of the. donor, will be sufficient. In the case of Lush v. Wilkinson, Ves. 384, Lord. Alvanley appears to have been of opinion, that even as to prior creditors a single debt will not be sufficient; but that it must depend on the question, whether he be in solvent circumstances. Mr Mher-ley, on the other hand, is of opinion, that any debt, however small, will be sufficient. Ather. 212 — 21. Chancellor Kent, however, in the case of Read v. Livingston, 3 Johns. Cha. 507, seems to think, that the subsequent creditors ought to go so far as to shew, and only so far in shewing, debts that would be sufficient to raise a reasonabie presumption of a fraudulent intent. . And I am disposed to concur in that view of the subject. A subsequent creditor can come in only on the ground of actual fraud. There is no man but is somewhat indebted for his current expenses; but such debts furnish no evidence of actual fraud. And so it was decided by the Constitutional Court, in the case of Hudnall v. Teasdall, 1 M’Cord’s Rep. 227. But in this case, it appears that the party was largely indebted at the time of the gifts to his daughters. In the decree, it is stated to be equal to the value of his property. It is therefore certainly a case within the rule previously laid down, and furnishes abundant evidence of a fraudulent intention.
LordALVAN-5 s‘
Chancellor Kent’s.
But the debt roust be wise a rea-sumption of fraudulent m-yond one’s current expenses.
when a aside bySprior creditors, creditors may isTshTt'ne1-1 ver existed.
But the decree may be supported on the second ground. Chancellor Kent, in the case above alluded to, lays it down as a settled rule, that when a deed is set aside by Pri°r creditors, subsequent creditors are entitled to come in. In the case in 12 Ves. 136, Lord Ross'lyn held, that if a deed were held fraudulent as to subsisting creditors, the suhject is thrown into assets, and all subsequent credi *523 tors are allowed to participate in the distribution. 1 Madd. Cha. 277, 278.
^ucgrg Ho v fav notice of a ^“etflment affects a subsequent ere-ditor.
No objec-“atac5j contained bacco and*0" ™avagantiy" used,
How far notice of the settlementmayaffecta subsequent creditor is a question of some difficulty. Though the difficulty cannot be great in this particular case. According to the principles laid down, the deféndant is entitled to come in for his share, even though he had no notice. For when once the deed has been set aside as ■ fraudulent, it is as though it had never existed; and therefore the creditor, having had notice, can make no difference. But, besides, the donor was indebted to the defendant himself previous to the settlement. So that there does not appear to be any good ground to interfere with the first decree.
The whole case then resolves itself into the question submitted in the last ground. It appears that the former Court of Appeals entertained doubts of the fairness and correctness of the defendant’s account : and the subject was therefore referred to the Commissioner for examination. The Court decided that the defendant was entitled to receive payment out of the proceeds of the trust property, notwithstanding the debt was contracted after the property was made over, if there was nothing unfair or incorrect in it. The Commissioner does not report, that there is any thing incorrect or unfair in the account, except that it was for tobacco and whiskey: but these are as legitimate articles of barter as any whatever. And although Hodges may have used them lavishly, yet it was hjs own folly, with which the defendant is not chargeable, if he took no undue advantage of Hodge’s situation, which is not alleged.

Decree reversed.